**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 AUG 17 PM 12:09

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.

6:16-cv-1470-Orl-37GJK

ELIZABETH MCWHITE,

    Plaintiff,

vs.                                                                                                  INJUNCTIVE RELIEF

GRANDVIEW POINTE LLC, a
Florida profit company, d/b/a
GRANDVIEW POINTE
APARTMENTS and N.R.
INVESTMENTS, INC.

    Defendant(s).

_____/

## COMPLAINT

Plaintiff, ELIZABETH MCWHITE ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues GRANDVIEW POINTE LLC, a Florida profit corporation, d/b/a GRANDVIEW POINTE APARTMENTS and N.R. INVESTMENTS, INC., as property managers, ("Defendants"), for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) for violations of the Fair Housing Act ("FHA"), pursuant to 42 U.S.C. §3601 et. seq., §3613 and 28 U.S.C. § 2201; and for violations of the Americans with Disabilities Act ("ADA") pursuant to 42 U.S.C. § 12182, 42 U.S.C. §12101 et. seq., and 42 U.S.C. §12182(b)(2)(A)(iv), and alleges as follows:

## JURISDICTION AND VENUE

1. This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiff's claims arising under Title 42 U.S.C. §§ 3604 and 3613 based on Defendant's violations of 42 U.S.C. § 3604.

2. Plaintiff seeks declaratory and injunctive relief against the Defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this Court, Orlando Division, pursuant to 28 U.S.C. §1391(B) and Rule 1.02(c) of the Local Rules of the United States District Court For the Middle District of Florida in that all events giving rise to the lawsuit occurred in Orange County, Florida.

## PARTIES

4. Plaintiff, ELIZABETH MCWHITE, is *sui juris* and is a resident of the State of Florida residing in Orange County, Florida. She is a disabled individual whose sole income is $700 in Social Security income.

5. Plaintiff is a residential tenant at Grandview Pointe Apartments located at 1989 Americana Blvd., Orlando, FL 32839.

6. Defendant, GRANDVIEW POINTE LLC, (hereinafter, "GRANDVIEW"), is a private corporation that owns, operates, and leases the Real Property, which is subject to this suit, and is located at 1989 Americana Blvd., Orlando, Florida 32839, (hereinafter, "Premises").

7. GRANDVIEW is authorized to conduct, and is in fact conducting, business within the state of Florida.

8. Defendant, N.R. INVESTMENTS, INC., (hereinafter, "NR"), is a private corporation and the property management company servicing the Real Property, which is subject to this suit, and is located at 1989 Americana Blvd., Orlando, Florida 32839, ("Premises").

9. NR is authorized to conduct, and is in fact conducting, business within the state of Florida.

**PLAINTIFF**

10. Plaintiff is an individual with a documented disability stemming from a stroke, which has resulted in complete paralysis to the right-side of her body, whose sole means of conveyance is a motorized wheelchair. Accordingly, Plaintiff has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

11. Plaintiff has been a resident at the Premises since October of 2015.

12. When Plaintiff initially inquired as to living at the Premises, Plaintiff was using her motorized wheelchair, and was otherwise in no way disguising or concealing her disability.

13. Plaintiff was assured by GRANDVIEW that, upon signing a lease agreement, reasonable accommodations would be provided to her upon request.

14. Plaintiff relied on GRANDVIEW's representations concerning the approval of reasonable accommodation requests in ultimately deciding where to live.

15. To date, GRANDVIEW has refused, neglected, or otherwise failed to provide the Plaintiff with a single, reasonable and/or adequate accommodation that would afford the plaintiff with the opportunity to have equal use and enjoyment of the Premises.

16. In order to have equal use and enjoyment of both Plaintiff's home and Premises, it is imperative that she have access to wheelchair-accessible ramps, threshold ramps to enter and exit her apartment (both generally, and in the event of an emergency), the required use of grab-bars in her bathtub and shower areas, and the use of a handheld shower head.

17. As a direct and proximate result of both GRANDVIEW and NR's refusal to accommodate Plaintiff's reasonable-accommodation requests, Plaintiff has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her rights to equal housing opportunities regardless of disability.

18. The discriminatory conduct or actions taken by Defendants were intentional, willful, and taken in total disregard for the rights of the Plaintiff.

## VIOLATIONS OF THE FAIR HOUSING ACT

19. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 18 above as if fully stated therein.

20. Pursuant to 42 U.S.C. §3602(b), the Premises are a building and/or structure, which is occupied as, or designed or intended for occupancy as, a residence by one or more families. The building and/or Premises, which is the subject of this action, is a business renting dwellings covered by the FHA, and therefore must be in compliance therewith.

21. As further explained below, Plaintiff suffers from a disability which substantially limits one or more major life activities, and therefore has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

22. Plaintiff has provided documentation of her handicap, and has otherwise notified GRANDVIEW on several occasions of her disability-related need for accessible: (a) wheelchair-ramp access; (b) unblocked, or otherwise unimpeded, handicap accessible parking spaces; and (c) adequate threshold access to be able to independently enter and exit her apartment.

23. To date, GRANDVIEW and NR have failed to adequately accommodate any of the Plaintiff's reasonable requests.

24. Plaintiff has been, and continues to be, injured by GRANDVIEW and NR's discriminatory housing practices and therefore qualifies as an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

25. Plaintiff resides at the Premises, has been, and continues to be, denied full and safe equal access to the facilities and therefore has suffered an injury in fact.

26. GRANDVIEW and NR have evidenced a consistent, neglectful, intentional and willful pattern and practice of ignoring any and all reasonable-accommodation requests made by the Plaintiff.

27. Congress created the Fair Housing Act, 42 U.S.C. § 3601 et seq., as amended in 1988, to ensure that individuals are not discriminated against on the basis of, inter alia, handicap or disabled status in the sale or rental of housing. Discrimination can include failure to make a reasonable accommodation in rules or policies for disabled individuals. GRANDVIEW, as owner of a multiple-family housing

complex, and NR, as GRANDVIEW's property management company, are subject to the Fair Housing Act.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

28. Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 18 as if fully stated herein.

29. On July 26, 1990, Congress enacted the Americans with Disabilities Act("ADA"), 42 U.S.C. §1201 et seq. as amended in 2008, to ensure that individuals are not discriminated against on the basis of, inter alia, handicap or disabled status. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26. 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. See 42 U.S.C. §12182; 28 C.F.R. § 36.508(a).

30. Congress found, among other things, that: some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

   a. Historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

   b. Discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation,

    communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

  c. Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

  d. The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity. 42 U.S.C. §12101(a)(1)-(3), (5) and (9).

31. Congress explicitly stated that the purpose of the ADA was to:

  a. Provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

  b. Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  c. Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to

address the major areas of discrimination faced on a daily basis by people with disabilities. U.S.C. §12101(b)(1)(2) and (4).

32. At the time of Plaintiff's initial visit to the Premises in October of 2015 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA.

33. Plaintiff required, and continues to require, the use of a van-disabled and/or handicap parking spaces, the installation of accessible wheelchair ramps to access common areas, the use of properly-dimensioned pathways to access common areas, the use of a lift for pool and Jacuzzi accessibility, and the use of properly sloped ramps and pathways to the office, pool, and all common areas.

34. Defendants have discriminated, and continue to discriminate, against Plaintiff and others who are similarly situated, by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

35. Plaintiff personally resides at the Premises, but is continuously denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises, even though she would be classified as a "bona fide patron".

36. Despite the fact that Plaintiff continues to reside at the Premises, she continues to be denied full, safe and equal access to the facilities and has therefore suffered an injury in fact.

37. In this instance, Plaintiff, both in her individual capacity and as a "lessee" and/or "invitee", routinely encounters barriers to access at Premises, and has suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

38. Plaintiff would like to enjoy the goods and services that she pays monthly rent for at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by the Defendants failure and refusal to provide disabled persons with full and equal access to their facilities. As a result, Plaintiff continues to suffer from discrimination and injury owing to the architectural barriers that are in violation of the ADA.

39. Plaintiff will avail herself of the services offered at the Premises in the future, provided that Defendants modify the Premises, or modify the policies and practices to accommodate individuals who have physical disabilities.

40. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

41. Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations:

   a. Failure to provide sufficient disabled parking spaced based on the total parking spaces available, pursuant to 2010 ADAAG §208.1;

   b. Failure to provide an accessible Site Arrival Points wherein, "[a]t least one *accessible* route shall be provided within the site from *accessible* parking spaces . . . to the *accessible* building or facility entrance they serve", pursuant to 2010 ADAAG § 206.2.1.

   c. Failure to provide an accessible route within a site to "connect *accessible buildings*, *accessible* facilities, *accessible* elements, and *accessible* spaces that are on the same site", pursuant to 2010 ADAAG § 206.2.2.

   d. Failure to provide van disabled parking spaces, pursuant to 2010 ADAAG §208.2.4;

   e. Failure to provide a means of entry for persons with disability, such as a pool lift chair, sloped entry, transfer wall, or transfer platform, pursuant to 2010 ADAAG §242.1, §1009; and

   f. Providing pathways and surfaces to the pool that are too steep, which include changes in levels greater than 0.5 inches, pursuant to 2010 ADAAG §206.2.2, §303, §403.3, §4.3.8.

   g. Providing adequate ramps and curb ramps from designated accessible routes, pursuant to 2010 ADAAG § 402.2.

    h. Provide proper Disabled Parking signage and Stall dimensions, pursuant to ADAAG §§ 502.6, 502.2, and 502.3.

42. To the best of Plaintiff's belief and knowledge, Defendant has failed to eliminate the specific violations set forth in paragraph 40 herein.

43. Although Defendant is charged with having knowledge of the violations, Defendant may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

44. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

45. All of the above violations are readily achievable to modify in order to bring Premises or the Facility/Property into compliance with the ADA.

46. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by Defendant, pursuant to 42 U.S.C. §12205.

47. In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 40 herein can be applied to the 1991 ADAAG standards.

48. Pursuant to 42 U.S.C. §12188 this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facility to make them readily accessible to and useable by individuals with disabilities to the

extent required by the ADA and closing the Subject Facility until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. That this Court enter an order under 42 U.S.C § 3601, declaring that the Premises owned, operated and/or controlled by Defendants is in violation of the FHA;

2. Award to Plaintiff the reasonable accommodations she has requested from Defendants.

3. That this Court declares that the Premises owned, operated and/or controlled by Defendants is in violation of the ADA;

4. That this Court enter an Order requiring Defendant to alter their facilities to make them accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA;

5. That this Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake and complete corrective procedures to Premises;

6. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff pursuant to 42 U.S.C. § 12205; and

7. That this Court awards such other and further relief as it may deem necessary, just and proper.

Dated this 16th day of August 2016.

                  **ADK LAW GROUP, PLLC**
                  33 E. Robinson St., Ste. 222
                  Orlando, Florida 32801
                  Telephone: (407) 985-4260
                  Facsimile: (888) 721-3943

                  By: /s/ *Robert J. Kleinfeldt*

                  Robert J. Kleinfeldt, ESQ.
                  Florida Bar No.: 114929
                  robert@kleinfeldtlaw.com
                  **Secondary Email:** robert@adklawgroup.com